## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF PUERTO RICO

Alicia R Rodríguez-Narváez,
  Plaintiff,

v.                                            Civil No. 04-1939 (HL)

Miguel Pereira, et al.,
  Defendants.

## OPINION AND ORDER

     Plaintiff Alicia Rodríguez-Narváez brings this action against Miguel A. Pereira, Secretary of the Administration of Corrections (AOC) of the Commonwealth of Puerto Rico, and Rafael D. Santiago, Under-Secretary of the Corrections Department and Deputy Administrator of the AOC, pursuant to 42 U.S.C. § 1983, alleging political discrimination in violation of the First and Fourteenth Amendments of the United States Constitution. Plaintiff also seeks to invoke this Court's supplemental jurisdiction over claims arising under the laws of the Commonwealth of Puerto Rico, specifically Puerto Rico Law No. 100 of 1959, 29 L.P.R.A. § 146, and Article 1802 of the Puerto Rico Civil Code, 31 L.P.R.A. § 5141. *See* 28 U.S.C. § 1367(a).

     Pending before the Court is defendants' motion to dismiss made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] Fed.R.Civ.P. 12(b)(6). Plaintiff filed an opposition to said motion.[2] For the reasons set forth below, defendants' motion to dismiss is granted in part and denied in part.

---

[1] Docket no. 6.

[2] Docket no. 9.

2

## STANDARD OF REVIEW

In ruling on a 12(b)(6) motion to dismiss, a court must accept all well-pled factual averments as true and must draw all reasonable inferences in the plaintiff's favor. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 164 (1993); *Carparts Distrib. Ctr., Inc. v. Automotive Wholesaler's Ass'n,* 37 F.3d 12, 14 (1st Cir.1994). A court should not dismiss a complaint for failure to state a claim unless it is clear that the plaintiff will be unable to prove any set of facts which would entitle him or her to recovery. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Miranda v. Ponce Fed. Bank,* 948 F.2d 41, 44 (1st Cir.1991). However, this deferential standard is not a "toothless tiger." *Doyle v. Hasbro, Inc.,* 103 F.3d 186, 190 (1st Cir.1996). The court is not obliged to accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996).

## FACTUAL BACKGROUND

The complaint sets out the following factual background. Plaintiff Rodríguez-Narváez holds a permanent career position of Auxiliary Administrator III with the Commonwealth of Puerto Rico Administration of Correction (AOC). Plaintiff has worked for the Puerto Rico government for thirty-three (33) years, including five (5) years in the AOC. On some undisclosed date, plaintiff competed for a promotion for the AOC position of Executive Officer for Administration. This position would have entailed a monthly salary increase of $333.00, or more, over plaintiff's current salary for the position of Auxiliary Administrator III.

Plaintiff is a member of the New Progressive Party (NPP). Plaintiff claims defendants politically discriminated against her when defendant Santiago selected Carlos H. Caballero-

3

Batistini for the position of Executive Officer for Administration allegedly on the basis of his activism with the Popular Democratic Party (PDP). Plaintiff alleges that she was the best qualified applicant interviewed by defendant Santiago. At the time of the interview, Mr. Caballero-Batistini was retired from the federal government and employed under contract, earning a monthly salary of approximately $4,000.00. Allegedly, at some undisclosed point in time, Mr. Caballero-Batistini told plaintiff that he was selected for the position of Executive Officer for Administration "for his political affiliation to the Popular Party as a sacrifice to occupy the position for the Popular Party."[3]

Plaintiff alleges that defendants have violated her free speech, associational, due process, and equal protection rights in violation of the  First and Fourteenth Amendments of the United States Constitution, and Puerto Rico law, specifically Law No. 100 of 1959, 29 L.P.R.A. § 146, and Article 1802 of the Puerto Rico Civil Code, 31 L.P.R.A. § 5141.  Plaintiff seeks declaratory and injunctive relief, compensatory and punitive damages, and attorneys' fees.  Plaintiff sues defendants in both their personal and official capacities. However, in the complaint plaintiff states that she sues defendants in their official capacities for injunctive relief alone.

**DISCUSSION**

Defendants move to dismiss the complaint on the following grounds: (1) plaintiff has failed to allege a claim under 42 U.S.C. § 1983; (2) plaintiff has failed to establish a claim under 42 U.S.C. § 1985; (3) plaintiff has failed to establish a First Amendment claim; (4) plaintiff has failed to establish either a Fifth Amendment or a Fourteenth Amendment claim; (5); defendants are

---

[3] Complaint, docket no. 1, at ¶ 8.

4

entitled to Eleventh Amendment immunity; (6) defendants are entitled to qualified immunity; and

(7) supplemental jurisdiction cannot be asserted over plaintiff's commonwealth claims.

## I.

### 42 U.S.C. § 1983

A claim under 42 U.S.C. § 1983 ("§ 1983") has two essential elements: (1) the conduct

complained of must have been committed under color of state law, and (2) the conduct must have

worked a denial of rights that are protected by the Constitution or laws of the United States.

*Martinez v. Colon*, 54 F.3d 980, 984 (1st Cir. 1995). Regarding the first element, the parties do not

dispute that defendants acted under color of state law. The second element has two aspects: (i)

there must have been a deprivation of federal rights, and (ii) there must have been a causal

connection between the conduct complained of and the deprivation of rights. *Gutierrez-Rodriguez*

*v. Cartagena,* 882 F.2d 553, 559 (1st Cir. 1989). Plaintiff bases her claims on alleged violations

of the First and Fourteenth Amendments.[4]

Defendants argue that with regard to co-defendant Miguel A. Pereira there are no

allegations in the complaint which establish a connection between defendant Pereira and the

alleged acts of discrimination or violation of plaintiff's constitutional rights. Defendants argue that

plaintiff's claims against Pereira are based solely upon a respondeat superior theory which is

inappropriate under § 1983, and thus plaintiff's claims against Pereira should be dismissed.

Defendants are correct that there is no respondeat superior liability under § 1983. *West v. Atkins*,

487 U.S. 42, 54 n. 12 (1998)(citing *Monell v. New York Dept. of Soc. Servs*., 436 U.S. 658, 690-95

---

[4] As set forth below, plaintiff's First Amendment and equal protection claims survive defendants' Rule 12(b)(6) motion to dismiss.

5

(1978)). Thus, Pereira can be held liable only on the basis of his own acts or omissions. *See Figueroa v. Aponte-Roque*, 864 F.2d 947, 953 (1st Cir. 1989). However, [s]upervisors need not have personal knowledge of the alleged violation . . . if they were indirectly responsible for or could have prevented the challenged act." *Id.* At this stage of the proceedings, accepting all well-pled factual averments as true and drawing all reasonable inferences in plaintiff's favor, the Court cannot conclude that there is *no* possible set of facts in which Pereira was aware of the alleged violations against plaintiff or was indirectly responsible for the alleged violations or could have prevented these violations. *See Gaskell v. Harvard Coop. Soc'y*, 3 F.3d 495, 497-98 (1st Cir.1993)("A dismissal on the pleadings will be upheld only if it appears beyond doubt that plaintiff can prove no set of facts in support of its claims which would entitle it to relief."). Thus, at this time, it would be improper to dismiss plaintiff's claims against Pereira for failure to establish a claim under § 1983.

## II.

### Conspiracy claim: 42 U.S.C. § 1985

Defendants argue that 42 U.S.C. § 1985 is inapplicable to the case at bar and that all conspiracy claims brought under this statute should be dismissed. In her opposition to defendants' motion to dismiss, plaintiff concedes that she does not have a federal conspiracy claim.[5] Accordingly, plaintiff's federal conspiracy claim brought pursuant to 42 U.S.C. § 1985, or any other federal statute, is hereby **dismissed**.

---

[5] See docket no. 9, at 8 ¶ 13.

6

## III.

### First Amendment

"The First Amendment protects associational rights. Incorporated with this prophylaxis is the right to be free from discrimination on account of one's political opinions or beliefs." *Galloza v. Foy,* 389 F.3d 26 (1st Cir. 2004) (citing *LaRou v. Ridlon*, 98 F.3d 659, 661 (1st Cir. 1996)). To make a prima facie case of political discrimination a "plaintiff must show that [she] engaged in constitutionally protected conduct, and that this conduct was a substantial or motivating factor for the adverse employment decision." *Padilla-Garcia v. Guillermo Rodriguez*, 212 F.3d 69, 74 (1st Cir. 2000). In the present case plaintiff alleges in the complaint that she engaged in the protected conduct of being a member of the NPP party, holding certain political beliefs, and for being identified as someone in political opposition to the PDP. Plaintiff also alleges that due to her association with the NPP she was not selected for the position of Executive Officer for Administration. In support of her claims, plaintiff alleges that the applicant who was selected for the coveted position, Carlos H. Caballero-Batistini, informed her that he was selected because of his political affiliation with the PDP. Defendants argue that plaintiff has failed to establish a causal connection linking defendants to the alleged discriminatory action of denying plaintiff a position on the basis of her political affiliation. Specifically, defendants argue that Mr. Caballero-Batistini's statement is not sufficient to establish the requisite causal linkage.

The Court rejects these arguments. There is no heightened pleading requirement in civil rights cases. *Cepero-Rivera v. Fagundo*, 414 F.3d 124, 128 (1st Cir.2005) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002)); *Educadores Puertorriquenos en Accion v. Hernandez*, 367 F.3d 61, 66-67 (1st Cir.2004). Accordingly, in adjudicating the present motion to dismiss under

Rule 12(b)(6), the Court must simply apply the notice pleading requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure. *Cepero-Rivera,* 414 F.3d at 128; *Educadores Puertorriquenos en Accion*, 367 F.3d at 66-67. "Under Rule 8(a)(2), a complaint need only include 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id*. at 129 (citing *Educadores Puertorriquenos en Accion*, 367 F.3d at 66) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "A Rule 12(b)(6) motion 'may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Id.* (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). Applying these standards, the Court cannot conclude that, under Fed.R.Civ.P. 12(b)(6), the complaint in this instance fails to state a First Amendment claim upon which relief can be granted. As such, defendants' motion to dismiss plaintiff's First Amendment claims is **denied**.

## IV.

## Equal Protection

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike."*City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). A party who claims that governmental action violates the Equal Protection Clause must demonstrate that she is "the victim of intentional discrimination." *Tex. Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 255 (1981). Specifically, in order to state a claim under the Equal Protection Clause, a plaintiff must prove not only that defendants were aware of their membership in a protected group, but also that  acted because of it. *See Pers. Adm'r of Mass. v. Feeney*, 442 U.S. 256, 279 (1979).

In the present case, defendants appear to argue that plaintiff has failed to show that she is the victim of intentional discrimination and that defendants acted because of her political affiliation. As discussed above in section III, there is no heightened pleading requirement in civil rights cases. *See Swierkiewicz*, 534 U.S. 506; *Cepero-Rivera*, 414 F.3d at 128; *Educadores Puertorriquenos en Accion*, 367 F.3d at 66. In the complaint, plaintiff alleges that defendants *intentionally* discriminated against her because of her political affiliation with the NPP and that they treated the selected applicant *differently* on the basis of his political affiliation with the PDP. For the purposes of the notice pleading requirement of Rule 8(a)(2) these allegations are sufficient to survive a motion to dismiss under Rule 12(b)(6). Accordingly, defendants' motion to dismiss plaintiff's claims made pursuant to the Equal Protection Clause is **denied**.

## V.

### Due Process

To establish a procedural due process claim, a plaintiff must show that she held a property interest as defined by state law and that defendants, acting under color of state law, deprived her of this property interest without constitutionally adequate process. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982); *Miniya Hosp., Inc. v. U.S. Dept. of Health & Human Servs.*, 331 F.3d 178, 181 (1st Cir.2003). Defendants argue that plaintiff did not have a property interest in the position that she applied for. In her opposition to defendants' motion to dismiss, plaintiff agrees that she does not have a property interest in the position she applied for, but argues that she has a property interest in her career position and a promotion is an integral part of her property right.[6]

---

[6] *See* docket no. 9, at 12 ¶20.

9

Thus, construing plaintiff's arguments liberally, it appears that plaintiff alleges that she has a property interest in the promotion.[7]

   For plaintiff to state an actionable claim for violation of due process under the Fourteenth Amendment, she must allege facts which could establish that she had a property interest in promotion to the position of Executive Officer for Administration. *See Bd. of Regents v. Roth*, 408 U.S. 564, 576 (1972). "To have a property interest in a benefit [such as a promotion], a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Id.* at 577; *Macone v. Town of Wakefield*, 277 F.3d 1, 9 (1st.Cir.2002); *Coyne v. City of Somerville*, 972 F.2d 440, (1st Cir.1992) (citing *Hoffman v. City of Warwick*, 909 F.2d 608, 609 (1st Cir.1990); *Beitzell v. Jeffrey*, 643 F.2d 870, 874 (1st Cir.1981)). A legitimate claim of entitlement (also termed a "legally recognized expectation") "may derive from a statute, a contract provision, or an officially sanctioned rule of the workplace." *Santana v. Calderon*, 342 F.3d 18, 24 (1st Cir.2003) (citing *Perry v. Sindermann*, 408 U.S. 593, 601-02 (1972)).

   "Ordinarily there is no 'property' right to a promotion." *Ramos Rodriguez v. Puerto Rico*, 325 F.Supp.2d 6, 13 (2004). This is at least partially due to the fact that an employee's expectation of promotion does not rise to the level of a property interest entitled to constitutional protection if –as is the case in the majority of promotion decisions– an employer may utilize discretion or consider subjective factors in making a decision to promote an applicant. *See Stuart v. Roache*, 951

---

[7] The Court notes that plaintiff cannot premise a successful due process claim on a property interest in her career position as Auxiliary Administrator III because she continues to hold this position and has not made any allegations that defendants have deprived her of a property interest in her current position.

F.2d 446 (1st Cir.1991), *cert. denied,* 504 U.S. 913 (1992) (holding that where an appointing authority may consider factors in addition to the applicant's ranking on an eligibility list, an applicant's expectation of a promotion based on that list will not rise to the level of a property interest entitled to constitutional protection); *McMenemy v. City of Rochester,* 241 F.3d 279, 286 (2d. Cir.2001) (holding no property interest in promotion when fire chief promised to promote firefighter but statute granted City discretion in selecting candidate for promotion); *Meyer v. City of Joplin*, 281 F.3d 759, 762 (8th Cir.2002). In the instant complaint, plaintiff alleges merely that she "competed" for a position; was the best qualified applicant; and was not selected for the position on the grounds of her political affiliation. Plaintiff has not presented any allegations upon which the Court could infer that she had an expectation, much less a legitimate claim of entitlement leading to a property right, in being promoted to the position of Executive Officer for Administration. *See generally, Siaca v. Autoridade de Acueductos y Alcantarillados de Puerto Rico*, 160 F.Supp.2d 188, 203 (D.P.R. 2001).

In her opposition to the motion to dismiss, plaintiff's sole argument is that she has a property interest in the promotion because she is a regular, permanent career public employee with thirty-three years of service, and that a promotion is an integral part of her property interest in her career position. As discussed above, a property interest does not arise from a "unilateral expectation" of an employment benefit, such as a promotion. *See Bd. of Regents,* 408 U.S. at 567; *Macone*, 277 F.3d at 9. Rather a plaintiff must have a "legitimate claim of entitlement" to the benefit. *Id.* A legitimate claim of entitlement to the property in question is "a claim of entitlement created and defined by 'existing rules or understandings that stem from an independent source such as state law.'" *Centro Medico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 8 (1st

Cir.2005) (quoting *Bd. of Regents,* 408 U.S. at 577)); *see also Perry*, 408 U.S. at 601-602*; Santana*, 342 F.3d at 24.

Plaintiff does not point to any statute, contractual provision, regulatory scheme, directive, or officially sanctioned workplace rule which would have created a "legitimate claim of entitlement" to the promotion to Executive Officer for Administration. *See Coyne v. City of Somerville*, 972 F.2d 440, 443 (1st Cir.1992); *see also Stuart*, 951 F.2d 446. Rather, in her opposition to the motion to dismiss, plaintiff argues that her entitlement to the promotion derives from the fact that she holds a regular career position and has worked for the Puerto Rico government for thirty-three (33) years.  This is insufficient. Having a regular career position with a lengthy public employment history does not provide a sufficient basis for a legitimate claim of entitlement to the promotion to Executive Officer of Administration. Plaintiff has failed to allege, either directly or indirectly, the existence of any "rules or understandings that stem from an independent source such as state law" upon which a legitimate claim of entitlement to promotion could be derived. *Centro Medico del Turabo, Inc.,* 406 F.3d at 8.  Simply put, plaintiff's allegations support nothing more than a unilateral desire to secure the promotion. "The frustration of such a subjective desire is a far cry from the deprivation of a constitutionally protected property interest." *Id*.

Accepting all well-pled factual averments as true and drawing all reasonable inferences in plaintiff's favor, the Court finds that plaintiff's allegations do not indicate that she has a legitimate claim of entitlement to the promotion to Executive Officer for Administration. *See Leatherman*, 507 U.S. at 164; *Carparts Distrib. Ctr., Inc.*, 37 F.3d at 14. It is clear that plaintiff will not be able to prove any set of facts which would establish a claim of entitlement to, and thus a property

interest in, the promotion. *See Conley*, 355 U.S. at 45-46; *Miranda*, 948 F.2d at 44. As plaintiff has not stated a procedural due process claim upon which relief can be granted, plaintiff's due process claim is **dismissed**.[8]

## VI.

### Eleventh Amendment Immunity

Defendants argue that plaintiff's claims against defendants in their official capacities should be dismissed because defendants in their official capacities are entitled to Eleventh Amendment Immunity.  The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.  For Eleventh Amendment purposes, the Commonwealth of Puerto Rico is treated as if it were a state. *Metcalf & Eddy. Inc. v. Puerto Rico Aqueduct & Sewer Auth.*, 991 F.2d 935 (1st Cir.1993). "The main thrust of the Eleventh Amendment is to minimize federal courts' involvement in disbursal of state monies." *Ramos Bonilla v. Vivoni*, 259 F.Supp.2d 135, 140 (D.P.R. 2003).

The Eleventh Amendment prevents an award of monetary relief from a state treasury even when the individual officer, rather than the state itself, is the named defendant in a suit. *Ford*

---

[8] Defendants also argue that plaintiff's First Amendment claims should be dismissed on the grounds that plaintiff did not have a property interest in the promotion. Defendants' arguments are misguided. It is well settled that a state employer's conditioning of promotion decisions on political beliefs and associations can violate an applicant's First Amendment rights, regardless of whether the applicant had a property interest in the promotion. *See Rutan v. Republican Party of Ill.*, 497 U.S. 62, 72 (1990). As such, plaintiff's failure to assert a cognizable due process claim does not automatically defeat her well-plead First Amendment claims. *Id.*

13

*Motor Co. v. Dept. of the Treasury*, 323 U.S. 459, 464 (1945) (stating that "when the action is in essence one for the recovery of money from the state, the state is the real, substantial party interested and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants."). The Eleventh Amendment is concerned with protecting state treasuries, not individual officers. Thus, the Eleventh Amendment does not prevent suits against state officers for money damages to be paid out of their own pockets, such as when an officer is sued in his or her individual capacity. *Kentucky v. Graham*, 473 U.S. 159 (1985) (discussing distinction between suits against an officer in an individual as opposed to an official capacity). *See also Hafer v. Melo*, 502 U.S. 21, 25 (1991) (Official capacity suits occur when a plaintiff sues the government entity by naming the officer as a defendant, whereas individual capacity suits "seek to impose individual liability upon a government officer for actions taken under color of state law.").

However, the Eleventh Amendment does not preclude "official capacity" suits against state officers for injunctive or declaratory relief brought pursuant to federal law. *Ex parte Young*, 209 U.S. 123, 159-60 (1908); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 n.10 (1989) ("Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official capacity actions for prospective relief are not treated as actions against the state.'") (citing *Kentucky*, 473 U.S., at 167 n.14; *Ex Parte Young*, 209 U.S., at 159-60.).[9] In the present case, the complaint specifies that defendants are sued in their official

_____

[9] "If officers sued in an official capacity leave office during the pendency of an action, their successors are automatically substituted. Fed.R.Civ.P. 25(d). Once an injunction is entered, those who succeed the named parties succeed as well to the duties imposed on their predecessor by decree; any other result would undermine the strong policy in favor of enforcing federal law, a policy that

14

capacities for *only* injunctive relief.[10] Therefore, the fact that defendants in their official capacities may be entitled to Eleventh Amendment immunity from claims for money damages, does not bar plaintiff's claim against defendants in their official capacities for injunctive relief. This is particularly true since plaintiff's claim for injunctive relief is premised on federal law. *See Pennhurst State Sch. & Hosp.*, 465 U.S. 89, 117 ("[A] federal suit against state officials on the basis of state law contravenes the Eleventh Amendment when . . . the relief sought and ordered has an impact directly on the State itself.")).

Accordingly, defendants' motion to dismiss plaintiff's claims against defendants in their official capacity on the basis that defendants are entitled to Eleventh Amendment immunity is **denied**.

### VII.

### Qualified Immunity

At the motion to dismiss stage, the threshold question in conducting a qualified immunity inquiry is whether the allegations, taken in the light most favorable to the plaintiff, could support a conclusion that the defendant government actor abridged any constitutional right. *Coyne v. Cronin*, 386 F.3d 280, 286 (1st Cir.2004). *See also Saucier v. Katz*, 533 U.S. 194, 201 (2001); *Santana v. Calderon*, 342 F.3d 18, 23 & 29 (1st Cir. 2003). If the facts alleged show that the defendant officer's conduct violated a constitutional right, the Court must ask whether "the

---

originally impelled the courts to create the fictional distinction between officer and government." *Maria Santiago v. Corporacion de Renovacion Urbana y Vivienda de Puerto Rico,* 554 F.2d 1210, 1213 (1st Cir.1977); Fed.R.Civ.P. 25(d).

[10] *See* docket no. 1, at p. 5 ¶ 7.

15

contours of this right are 'clearly established' under then-existing law so that a reasonable officer would have known that his conduct was unlawful." *Santana v. Calderon,* 342 F.3d 18, 23 (1st Cir 2003) (citing *Dwan v. City of Boston*, 329 F.3d 275, 278 (1st Cir 2003)).

In the instant case, the response to both inquires must be in the affirmative.  As discussed above, plaintiff has asserted viable claims of violations of her First Amendment and equal protection rights.  Further, taking the allegations in the light most favorable to plaintiff, the Court cannot conclude that the constitutional rights implicated were not "clearly established under then-existing law so that a reasonable officer would have known that his conduct was unlawful." *Santana*, 342 F.3d at 23. Thus, it would be premature at this time for the Court to find that defendants are entitled to the protection of qualified immunity. Accordingly, defendants' motion to dismiss on the grounds that they are entitled to qualified immunity is **denied**.

## VIII.

## <u>Commonwealth Claims</u>

Defendants' final argument is that plaintiff's supplemental commonwealth claims should be dismissed pursuant to 28 U.S.C. § 1367(c)[11] because all of plaintiff's federal claims warrant dismissal. As discussed above, plaintiff's claims brought pursuant to the First Amendment and Equal Protection Clause survive defendants' Rule 12(b)(6) motion to dismiss. Accordingly, defendants' motion to dismiss plaintiff's supplemental commonwealth claims pursuant to 28 U.S.C. § 1367(c) is **denied**.

---

[11] 28 U.S.C. § 1367(c) provides that "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiciton."

16

## CONCLUSION

For the aforementioned reasons, defendants' motion to dismiss is **granted in part and denied in part**. Plaintiff's (1) federal conspiracy claim brought pursuant to 42 U.S.C. § 1985, or any other federal statute, and (2) due process claim brought pursuant to the Fourteenth Amendment are **dismissed**. Plaintiff's First Amendment, equal protection, and supplementary commonwealth claims remain.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, November 2, 2005.

S/ HECTOR M. LAFFITTE
United States District Judge